IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JESSICA KIRBY, | ) |
| Plaintiff, | ) 2:24-CV-105 |
| v. | ) |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Jessica Kirby initiated this *pro se* action, asserting both federal and state-law claims against UPMC and several of its doctors (collectively referred to as "UPMC Defendants"), as well as a police officer, Amber Flick. Ms. Kirby's allegations stem from Ms. Flick's decision to arrest and commit Ms. Kirby against her will to UPMC's Western Psychiatric Institute and Clinic. Before the Court are UPMC Defendants' motion to dismiss (ECF 58) and Ms. Flick's motion to dismiss (ECF 56) Ms. Kirby's Second Amended Complaint (ECF 54). The Court will **GRANT** UPMC's motion (ECF 58), and **GRANT in part and DENY in part** Ms. Flick's motion (ECF 56).

All of Ms. Kirby's claims against UPMC Defendants warrant dismissal. The federal-law claims are all brought under 42 U.S.C. § 1983, which requires that the defendants be state actors. Ms. Kirby's Section 1983 claims fail because she did not plausibly plead that UPMC Defendants are state actors. *See Kolakowski v. Washington Hosp.*, No. 21-574, 2025 WL 949556, at *8 (W.D. Pa. Mar. 28, 2025) (Colville, J.) The Court's dismissal of Ms. Kirby's federal claims against UPMC Defendants is with prejudice. Ms. Kirby has had multiple opportunities to amend, and her Second Amended Complaint still faces the same state-action hurdle.

1

Amendment would therefore be futile.  With no federal claims surviving, the Court declines to exercise supplemental jurisdiction over any of Ms. Kirby's state-law claims against UPMC Defendants, so those will be dismissed without prejudice to be pursued in state court.

As for the claims against Ms. Flick, the Court will dismiss the state-law claims brought by Ms. Kirby.  Ms. Kirby has brought claims of negligence, private nuisance, and IIED against Ms. Flick.  ECF 54 at 43, 48.  Her claims fail because Ms. Flick has immunity against state tort claims under 42 Pa. C.S.A. § 8541, and Ms. Kirby has not plausibly pled any willful misconduct to abrogate Ms. Flick's immunity or to allege a plausible intentional tort.  *See Green v. Sch. District of Philadelphia*, No. CV 24-5075, 2026 WL 93412, at *4–5 (E.D. Pa. Jan. 13, 2026).  Because Ms. Kirby has had multiple opportunities to amend, and she still has not plausibly pled a state-law claim against Ms. Flick, amendment would be futile, and the Court dismisses these claims with prejudice.

The Court, however, will deny Ms. Flick's motion to dismiss as it relates to Ms. Kirby's federal claims.  Ms. Kirby has brought claims of First Amendment retaliation, Fourth Amendment excessive force, and Fourth Amendment false arrest against Ms. Flick under Section 1983.  ECF 54 at 16, 18.[1]  All three claims are based on Ms. Flick's decision to detain and commit Ms. Kirby to UPMC, and Ms. Kirby has plausibly pled violations of her constitutional rights.[2]

---

[1] The Court construes Ms. Kirby's allegations in Claim 5 as alleging Fourth Amendment violations for both excessive force and false arrest.  *See* ECF 54 at 18–22.

[2] The Court ordered the parties to brief the issue of collateral estoppel and whether Ms. Kirby was barred from raising the issue of a lack of probable cause here.  ECF 70. After reviewing the parties' briefs (ECF 73 & ECF 75) and the state-court opinion at issue, *J.K. v. Allegheny Cnty. Dep't of Behav. Health*, No. 904 WDA 2024, 2025 WL 1555376 (Pa. Super. Ct. June 2, 2025), the Court finds that Ms. Kirby is not collaterally estopped from raising the issue here.  Whereas the *J.K.* Court considered

*****

The Court **HEREBY GRANTS** UPMC Defendants' motion to dismiss (ECF 58). All federal claims against UPMC Defendants are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction over the state-law claims, so they are dismissed without prejudice. The Court **HEREBY GRANTS in part** and **DENIES in part** Ms. Flick's motion to dismiss (ECF 56). All state claims against Ms. Flick are dismissed with prejudice. Only the claims brought against Ms. Flick for First Amendment retaliation (Claim 4), Fourth Amendment excessive force (Claim 5), and Fourth Amendment false arrest (Claim 5) may proceed.

DATED this 20th day of January, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
JESSICA KIRBY
837 Anaheim Street
Pittsburgh, PA 15219

---

a physician's assessment of Ms. Kirby *after* she was committed, here the issue is narrower as to what Ms. Flick readily observed when she made the decision to commit Ms. Kirby. Because there is no identity of issues, collateral estoppel doesn't apply.